17 F.3d 1436
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Doris GEORGE, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-7058.
 United States Court of Appeals, Tenth Circuit.
 Feb. 23, 1994.
 
 Before MOORE and KELLY, Circuit Judges, and BRIMMER,** District Judge.
 ORDER AND JUDGMENT[1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 Claimant Doris George initially applied for and was denied social security benefits at the administrative level. She subsequently filed suit in the United States District Court for the Eastern District of Oklahoma on June 5, 1989. The Secretary filed an answer on October 12, 1989. On February 8, 1990, the Secretary moved the court for a remand to the Office of Hearings and Appeals for the purpose of holding a hearing and obtaining the testimony of a vocational expert. Appellant's R., Vol. I at 5. The district court granted the Secretary's motion by order dated February 9, 1990, stating in its entirety:
 On this 9th day of February, 1990, the Court takes under consideration the motion of the defendant to remand the abovepentitled (sic) cause for further administrative action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. 405(g).
 The Court finds, for good cause shown, that the defendant's motion should be granted.
 IT IS THEREFORE ORDERED that this action be and hereby is remanded to the Secretary of Health and Human Services for further administrative action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. 405(g).
 Id. at 6.
 Upon remand, the Appeals Council vacated its denial of claimant's request for review and the previous decision of the Administrative Law Judge (ALJ) denying benefits. Appellant's R., Vol. II at 364. The Appeals Council directed the ALJ to obtain vocational expert testimony regarding what jobs existed in the national economy for claimant given her residual functional capacity. Id. at 365. Following a supplemental hearing, the ALJ found claimant disabled since November 24, 1989.
 Upon completion of the remand proceedings, the Secretary filed a notice to the court and a certified transcript of the record of proceedings on remand. Appellant's R., Vol. I at 7. By minute order, the district court requested that the parties submit briefs presenting "their respective positions and legal authorities regarding the judicial review." Id. at 9. Following briefing, the magistrate judge determined that the district court did not retain jurisdiction because the district court's February 9, 1990, remand order was actually a voluntary dismissal under Fed.R.Civ.P. 41(a). Claimant appeals the district court's order of April 7, 1993, adopting the findings and recommendation of the magistrate judge.
 Under 42 U.S.C. 405(g), a social security claimant has the right to challenge the Secretary's denial of social security disability benefits in federal court. The Supreme Court has held that pursuant to sentence four and sentence six of 405(g), there are only two types of remands available to the district court.[2] Shalala v. Schaefer, 113 S.Ct. 2625, 2629 (1993); Melkonyan v. Sullivan, 111 S.Ct. 2157, 2164 (1991). A sentence four remand may be ordered following a determination by the court that the decision of the Secretary should be affirmed, modified, or reversed on the merits. It is an immediate entry of judgment, with or without a remand, and does not allow for retention of district court jurisdiction. Schaefer, 113 S.Ct. at 2629. A remand under sentence six is ordered following a request by the Secretary prior to answering a claimant's complaint, or for the purpose of consideration of new material evidence which, for good cause, was not presented before the agency. Id. at 2629 n. 2. A sentence six remand is not entered as a final judgment until after the remand proceedings are completed and the results have been filed with the district court. Id. at 2629.
 In this case, the magistrate judge found that the district court's February 9, 1990, order was not a sentence four or a sentence six remand, but "was treated by the court as a voluntary dismissal under Fed.R.Civ.P. 41(a)." Appellant's R., Vol. I at 12. For the following reasons, we determine that the district court's attempt to pound this round remand into the square hole of a voluntary dismissal pursuant to Fed.R.Civ.P. 41(a) fails. The voluntary dismissal section of Rule 41(a) states in pertinent part:
 (1) By Plaintiff; by Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.
 Fed.R.Civ.P. 41(a)(1). The rule does not provide for a voluntary dismissal based upon the unilateral motion of a defendant. In addition, in the remand order the district court stated it was remanding pursuant to "section 205(g) of the Social Security Act, as amended, 42 U.S.C. 405(g)." Appellant's R., Vol. I at 6. The order contained no reference to a voluntary dismissal or to Rule 41(a).
 A dismissal on motion of the Secretary at that point would have been prejudicial to claimant. Yet, because claimant rightfully assumed that the case was being remanded for the purpose of reevaluation of the Secretary's adverse decision based on additional evidence, she would have been unaware of the district court's alleged intent to dismiss her appeal. Therefore, regardless of the magistrate judge's rationale, the district court is precluded from treating its February 9, 1990, remand order as a voluntary dismissal pursuant to Rule 41(a).
 The district court remanded this case on motion of the Secretary for the purpose of a hearing and obtaining vocational expert testimony. The district court made no substantive decision based upon the correctness of the Secretary's decision. Therefore, absent any indication that the district court considered the merits of claimant's appeal, the remand cannot be considered pursuant to sentence four.[3] See Melkonyan, 111 S.Ct. at 2163.
 Having eliminated a Rule 41(a) voluntary dismissal and a sentence four remand, we are left with a determination of whether the remand was pursuant to sentence six. We conclude that it was. As previously discussed, the district court's remand order was the result of a motion of the Secretary for the purpose of obtaining additional evidence; the district court found that good cause existed for granting the remand; the remand was not based on any district court determination on the merits of claimant's appeal; and following further agency action on remand, the Secretary filed her notice to the court along with a certified transcript of the remand proceedings. These are all indicia of a sentence six remand. See id. at 2163 & n. 1.
 Claimant appeals the district court's decision for the purpose of making timely application for attorney's fees and expenses pursuant to the relevant portions of the Equal Access to Justice Act (EAJA), 28 U.S.C. 2412(d)(1)(A), (B), which state:
 
 
 1
 (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 
 
 2
 (B) A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection....
 
 
 3
 Claimant did not become a prevailing party within the meaning of the EAJA upon the district court's remand for further proceedings. See Sullivan v. Hudson, 490 U.S. 877, 887 (1989)(a social security claimant does not become prevailing party merely because the district court remands for further agency action).[4] It is clear that claimant's application for fees at that time would have been unavailing. The Supreme Court has held that a "final judgment" for purposes of fee applications under EAJA must be " 'entered by a court of law' " and not an administrative agency. Schaefer, 113 S.Ct. at 2628 (quoting Melkonyan, 111 S.Ct. at 2162). Therefore, the ALJ's decision following remand also would have failed to open the thirty-day window for claimant's fee application. Consequently, any conclusion other than finding a sentence six remand would place claimant in a time warp which would totally deprive her of any opportunity to make timely application as a prevailing party for an award of attorney's fees under the EAJA.
 
 
 4
 Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure, a judgment is considered final when it is entered in compliance with Rule 58 of the Federal Rules of Civil Procedure. Fed. R.App. P. 4(a)(7); Schaefer, 113 S.Ct. at 2632. In this case the district court failed to enter its April 7, 1993, judgment on a separate document. Fed.R.Civ.P. 58(2). Therefore, we conclude that no final judgment has been entered in this case. The district court retains jurisdiction, and claimant will have thirty days after "the court enters a final judgment, and the appeal period runs" in which to make application for EAJA attorney's fees and expenses. Melkonyan, 111 S.Ct. at 2165.
 
 
 5
 The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED and the case is REMANDED, directing the district court to vacate its April 7, 1993, order and to enter final judgment consistent with this order and judgment.
 
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Sentence four and sentence six of 405(g) provide:
 The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.... The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.
 
 
 [3]
 Because of our decision that the remand in this case is not pursuant to sentence four, we do not address the effect of the recent Supreme Court decision in Schaefer on this court's decision in Gutierrez v. Sullivan, 953 F.2d 579 (10th Cir.1992), cert. denied, 113 S.Ct. 3064 (1993)
 
 
 [4]
 The decision in Hudson was called into question in Schaefer, 113 S.Ct. at 2630-33. The Court reaffirmed Hudson as being "good law as applied to remands ordered pursuant to sentence six." 113 S.Ct. at 2631 n. 4